FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 29  A 10: 38

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CONNIEL RASHON HARRIS,

    Petitioner,

v.

BILLY THOMAS, Warden, and
THURBERT E. BAKER, Attorney
General of State of Georgia,

    Respondents.

CIVIL ACTION NO.: CV505-052

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Conniel Harris ("Harris"), an inmate currently incarcerated at Smith State Prison in Glennville, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Pierce County. Respondent filed an Answer-Response and a Motion to Dismiss. Harris has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

On August 6, 1999, Harris was convicted of felony murder and aggravated assault in the Pierce County Superior Court after a jury trial. He was sentenced to life imprisonment plus a consecutive ten (10) year sentence. Harris filed an appeal with the Georgia Supreme Court, and that court affirmed his convictions and sentences on June 12, 2000. Harris v. State, 272 Ga. 455, 532 S.E.2d 76 (2000).

AO 72A
(Rev. 8/82)

Harris filed a state habeas corpus petition in Tattnall County Superior Court on March 3, 2003. The Honorable Charles P. Rose, Jr., conducted an evidentiary hearing and denied Harris' requested relief by order dated June 8, 2004. (Resp't's Ex. 3.) Harris filed a certificate of probable cause to appeal the denial of his state habeas corpus petition, and the Georgia Supreme Court denied his application as untimely filed on January 24, 2005. (Resp't's Ex. 4.)

Harris filed the instant petition on June 9, 2005. Respondent seeks dismissal of Harris' petition as untimely filed.

## DISCUSSION AND CITATION OF AUTHORITY

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

The limitation period shall run from the latest of--

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

AO 72A
(Rev. 8/82)

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Harris' conviction became final at the time of the completion of his direct review process or when the time for seeking such review had elapsed. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The Georgia Supreme Court affirmed Harris' convictions and sentences on June 12, 2000. See Harris, 272 Ga. at 457, 532 S.E.2d at 78. Harris then had ninety (90) days to file a petition for certiorari with the United States Supreme Court. See S. Ct. R. 13.1 (noting that the time to file a petition for certiorari is 90 days after the entry of judgment by a state court of last resort). Harris did not do so; thus, his conviction became final on September 10, 2000. Because Harris' conviction became final on September 10, 2000, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

Harris filed a state habeas corpus petition in the Tattnall County Superior Court on March 3, 2003. By that time, over one year had passed since his conviction became final. Harris did not file the instant petition until June 9, 2005. Accordingly, his petition was filed well outside of the one year statute of limitation available under 28 U.S.C. § 2244(d)(1).

Harris contends that he filed a petition for writ of habeas corpus in federal court in July 2001, which was dismissed, without prejudice on March 5, 2002, for failure to exhaust his state remedies. (Doc. No. 11, p. 1.) Even accepting Harris' assertion as true, the instant petition is nevertheless untimely. Harris' conviction became final on September 10,

3

2000. Assuming he filed a federal habeas petition[1] on July 1, 2001, 294 days of his one year statute of limitation had elapsed by that time. Assuming further that this federal habeas petition was dismissed on March 5, 2002, Harris waited until March 3, 2003, almost one year later, to file a state habeas corpus petition. The statute of limitation was not tolled during the time his first federal petition was pending because Harris had no pleadings which were pending[2] in the state court system.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 8) be **GRANTED**, and Harris' petition, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as untimely.

**SO REPORTED** and **RECOMMENDED** this 29th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] A review of this Court's records indicates that Harris filed a previous § 2254 petition on August 8, 2001, not July 2001 as Harris states. (CV501-63, Doc. No. 1.) Nonetheless, the discrepancy between these dates is immaterial to the undersigned's conclusions of law.

[2] The applicable statue of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

4